AO 91 (Rev. 11/11)  Criminal Complaint

**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order.

# UNITED STATES DISTRICT COURT
### for the
Southern District of Texas

United States Courts
Southern District of Texas
**FILED**

JUL 27 2018

David J. Bradley, Clerk of Court

| United States of America | ) | |
| v. | ) | Case No. |
| Jose Manuel Gonzalez Testino | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

**H18 - 1203M**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ in or about 2012 and 2013 _____ in the county of _____ Harris and elsewhere _____ in the
_____ Southern _____ District of _____ Texas _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 371 | Conspiracy to violate the Foreign Corrupt Practices Act (FCPA) |
| 15 U.S.C. Section 78dd-2 | Substantive violation of the FCPA |

This criminal complaint is based on these facts:

See Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

HSI Special Agent Derek Matthews
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 07/27/2018 _____

_____
*Judge's signature*

City and state: _____ Houston, Texas _____

U.S. Magistrate Judge Christina A. Bryan
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. |
| | § | |
| JOSE MANUEL GONZALEZ | § | UNDER SEAL |
| TESTINO | § | |

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT AND ARREST WARRANT

I, Derek Matthews, ("Affiant"), being first duly sworn, hereby depose

and state as follows:

## INTRODUCTION AND AFFIANT'S BACKGROUND

1.    I am a Special Agent with Homeland Security Investigations ("HSI")

under the United States Department of Homeland Security.  I have been a Special

Agent for approximately nineteen years and am presently assigned to the Houston

Field Office, Financial Fraud Group, where I am responsible for conducting criminal

investigations pertaining to the Foreign Corrupt Practices Act, conspiracy, money

laundering, and other criminal violations.  I am an investigative or law enforcement

officer of the United States within the meaning of Title 18, United States Code,

Section 2510(7), that is, an officer of the United States who is empowered by law to

1

conduct investigations and to make arrests for federal felonies.  Prior to this assignment, I was a Special Agent for the Federal Deposit Insurance Corporation.

2.     As a Special Agent with HSI, I have received training related to the enforcement of various statutes of the United States Code, specifically, but not limited to, Title 15, United States Code, Section 78dd-1 *et seq.*, the Foreign Corrupt Practices Act ("FCPA").

3.     I make this affidavit in support of a criminal complaint and arrest warrant related to conspiracy to violate and substantive violations of the FCPA, by the defendant, **JOSE MANUEL GONZALEZ TESTINO ("GONZALEZ")**.  The information contained in this affidavit is based upon my personal knowledge, as well as information obtained from other sources, including (a) statements made or reported by various witnesses, including cooperating witnesses, with knowledge of relevant facts; (b) my review of publicly available information relating to **GONZALEZ** and other relevant individuals and entities; (c) documents, including financial records, obtained from various sources; and (d) discussions with other law enforcement officials.  I have limited this affidavit to those facts necessary to support a finding of probable cause that **GONZALEZ** conspired to violate the FCPA in violation of Title 18, United States Code, Section 371, and did violate Title 15, United States Code, Section 78dd-2 (the Foreign Corrupt Practices Act).  Accordingly, this affidavit does not include a complete recitation of the entire

2

investigation or of each and every fact and matter observed by or known to law enforcement relating to the subject matter of this investigation. Additionally, unless otherwise noted, wherever in this affidavit I assert that a statement was made by an individual, that statement is described in substance and in part, and is not intended to be a verbatim recitation of the entire statement made by the individual.

## PROBABLE CAUSE

### *Entities and Individuals*

4.      Petroleos de Venezuela S.A. ("PDVSA") is the Venezuelan state-owned and state-controlled oil company.   PDVSA and its subsidiaries are responsible for the exploration, production, refining, transportation, and trade in energy resources in Venezuela and provided funding for other operations of the Venezuelan government.   PDVSA and its wholly owned subsidiaries are "instrumentalities" of the Venezuelan government as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2)(A).

5.      Bariven, S.A. ("Bariven") is a wholly-owned subsidiary of PDVSA that at all relevant times was responsible for procuring goods and services on behalf of PDVSA.

6.      Cooperating Witness 1 ("CW-1"), is a Venezuelan national who, from at least 2011 until June 2013, was employed by PDVSA.  CW-1 held a number of positions at PDVSA and Bariven, ultimately being named as a high-level Bariven

executive in or about January 2012.  In his capacity as a Bariven executive, among other duties, CW-1 had the responsibility for assembling and revising Bariven's weekly payment proposals, which set forth the debt Bariven owed to its numerous vendors and proposed payments of various amounts to selected vendors.  CW-1 was a "foreign official" as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2)(A).   CW-1 has pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to launder money.  CW-1 is cooperating with the government, which may lead to a more favorable sentence.

7.    **GONZALEZ** is a United States citizen and thus a "domestic concern" as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

8.    At all relevant times, **GONZALEZ** controlled a number of U.S. and Panama-based energy companies that supplied equipment and services to PDVSA.

9.    "Company A" is a company organized under the laws of Panama. Company A is controlled by **GONZALEZ** and was used by **GONZALEZ** to secure contracts with PDVSA and its subsidiaries.

10.    "Co-Conspirator 1" is a Venezuelan citizen and resident of Miami, Florida.  Co-Conspirator 1 was **GONZALEZ**'s business partner in Company A and other companies.

11.     "Company B" is a company organized under the laws of Panama. Company B is controlled by **GONZALEZ** and was used by **GONZALEZ** to secure contracts with PDVSA and its subsidiaries.

12.     "Company C" is a company organized under the laws of Panama. Company C is controlled by **GONZALEZ** and was used by **GONZALEZ** to secure contracts with PDVSA and its subsidiaries.

13.     "Bank Account 1" is a bank account located in the Southern District of Texas, into which **GONZALEZ**'s companies, including Company A and Company B, made bribe payments during the course of the conspiracy.

14.     "Bank Account 2" is a bank account located in the Southern District of Florida, into which **GONZALEZ**'s companies, including Company A, Company B, and Company C, made bribe payments during the course of the conspiracy.

### *The Bribery Scheme*

15.     Agents from HSI have interviewed CW-1 on multiple occasions in 2018. During these interviews, CW-1 admitted, in sum and substance, that he received bribe payments and other things of value from **GONZALEZ** while CW-1 was employed as the General Manager of Bariven in exchange for acts and decisions taken by CW-1 in his official capacity; for inducing CW-1 to use his influence with

5

Bariven, PDVSA, and other foreign officials in order to affect or influence acts and decisions thereof; and for other improper business advantages and assistance from CW-1.  Specifically, in exchange for bribes from **GONZALEZ**, CW-1 took steps to direct contracts to **GONZALEZ**'s companies, gave **GONZALEZ**'s companies priority over other vendors to receive payments, and awarded **GONZALEZ**'s contracts with PDVSA in United States dollars, instead of Venezuelan bolivars.  In addition, CW-1 helped **GONZALEZ** prepare a presentation to be given to the PDVSA Board of Directors, and CW-1 assisted **GONZALEZ** in receiving priority to meet with the board.  CW-1 also took steps to influence the PDVSA Board of Directors' decision to award a contract for turbine generators to one of **GONZALEZ**'s companies.

16.    CW-1 has stated that while he was meeting with **GONZALEZ** regarding Company A and his other companies, **GONZALEZ** often called Co-Conspirator 1 before making decisions concerning their businesses.

17.    CW-1 admitted to the government that he received bribes from **GONZALEZ** into two banks accounts in the United States, Bank Account 1 and Bank Account 2.  Both bank accounts were in the name of a company owned by one of CW-1's relatives, and the accounts were used by CW-1 to accept bribe payments from **GONZALEZ** and others in 2012 and 2013 while he was a foreign official.

18.   The information provided by CW-1 is corroborated by documents. Bank records show that Swiss bank accounts in the names of Companies A, B, and C wired bribe payments to Bank Account 1 and Bank Account 2 including the following payments on the following dates:

| Date | Beneficiary Bank Account | Payor | Amount |
|------|--------------------------|-------|--------|
| 11/27/2012 | Bank Account 1 | Company A | $50,000.00 |
| 1/15/2013 | Bank Account 1 | Company B | $50,000.00 |
| 3/5/2013 | Bank Account 2 | Company A | $50,000.00 |
| 3/7/2013 | Bank Account 2 | Company A | $50,000.00 |
| 3/21/2013 | Bank Account 2 | Company A | $50,000.00 |
| 4/8/2013 | Bank Account 2 | Company A | $75,000.00 |
| 4/17/2013 | Bank Account 2 | Company A | $75,000.00 |
| 4/24/2013 | Bank Account 2 | Company B | $50,000.00 |
| 5/2/2013 | Bank Account 2 | Company C | $29,000.00 |
| 5/14/2013 | Bank Account 2 | Company C | $100,000.00 |
| 6/3/2013 | Bank Account 2 | Company A | $50,000.00 |

19.   In addition, Cooperating Witness 2 ("CW-2") corroborates CW-1's statements that **GONZALEZ** and Co-Conspirator 1 controlled Company A,

Company B, and Company C.  CW-2 was the owner of a number of U.S.-based energy companies, including several companies located in the Southern District of Texas that supplied equipment and services to PDVSA, and a resident of Texas. CW-2 has pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to violate the FCPA, one substantive count of violating the FCPA, and one count of making false statements in connection with his federal income tax return.  CW-2 is cooperating with the government, which may lead to a more favorable sentence.

20.     Bank records and other documents reveal that, in total, **GONZALEZ** paid at least $629,000.00 in bribes to CW-1 in the form of wire transfers to Bank Account 1 and Bank Account 2.

8

## **CONCLUSION**

21.    Based on the forgoing, I believe that probable cause exists to issue a criminal complaint and arrest warrant charging **JOSE MANUEL GONZALEZ TESTINO** with violating Title 18, United States Code, Section 371 (conspiracy to violate the FCPA) and violations of the FCPA, Title 15, United States Code, Section 78dd-2 (the Foreign Corrupt Practices Act).

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,

Derek Matthews
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on _July 27,_____, 2018

UNITED STATES MAGISTRATE JUDGE

9